UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
05-10200-MLW

UNITED STATES OF AMERICA

v.

ANGEL M. CARDONA-LEON

**MEMORANDUM AND ORDER ON**
**GOVERNMENT'S MOTION FOR DETENTION**

August 16, 2005

DEIN, M.J.

### I. GOVERNMENT'S MOTION FOR DETENTION

The defendant is charged in a multi-count indictment with conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846, two counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and aiding and abetting in violation of 18 U.S.C. § 2. There is also a criminal forfeiture allegation under 21 U.S.C. § 853. An initial appearance was held on August 5, 2005 before Magistrate Judge Leo T. Sorokin, at which time the defendant was represented by counsel and the government moved for detention. A detention hearing was held before this court on August 10, 2005, and then continued to August 11, 2005 at the request of the defendant.

An evidentiary detention hearing was held on August 11, 2005, at which time the defendant was represented by counsel. Detective Richard Brooks of the Lawrence Police Department testified and was cross-examined by defendant's counsel. The

defendant has proposed that he be released to reside at the home of his girlfriend's employer, and that he be permitted to work and attend school to learn how to read, as he is functionally illiterate.

For the reasons detailed herein, this court concludes that there are no conditions which will reasonably assure the appearance of the defendant as required, and the safety of the community. The court, therefore, orders that the defendant be detained prior to trial.

## II. THE BAIL REFORM ACT

A. Under the provisions of 18 U.S.C. § 3142 ("The Bail Reform Act"), the judicial officer shall order that, pending trial, the defendant either be (1) released on his or her own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation or exclusion; or (4) detained. See 18 U.S.C. § 3142(a).

Under § 3142(e), a defendant may be ordered detained pending trial if the judicial officer finds by clear and convincing evidence after a detention hearing "that no condition or combination of conditions (set forth under § 3142(b) or (c)) will reasonably assure the safety of any other person or the community . . . ," or if the judicial officer finds by a preponderance of the evidence after a detention hearing "that no condition or combination of conditions will reasonably assure the appearance of the person as required . . . ." See United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991).

B. The government is entitled to move for detention on grounds of danger to the community in a case that –

(1) involves a crime of violence within the meaning of 18 U.S.C. § 3156(a)(4);

(2) involves an offense punishable by death or life imprisonment;

(3) involves an offense proscribed by the Controlled Substances Act or the Controlled Substances Import and Export Act for which the punishment authorized is imprisonment for ten years[1] or more; <u>or</u>

(4) involves any felony alleged to have been committed after the defendant has been convicted of two or more crimes of violence, or of a crime, the punishment for which is death or life imprisonment, or a ten year [or more] offense under the Controlled Substances Act or the Controlled Substances Import and Export Act.

Additionally, the government or the court <u>sua sponte</u> may move for, or set, a detention hearing where there is a serious risk that the defendant will flee, or where there is a serious risk of obstruction of justice or threats to potential witnesses. <u>See</u> 18 U.S.C. § 3142(f).

C. In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, or whether pretrial detention is warranted, the judicial officer must take into account and weigh information concerning --

---

[1] The maximum penalty is that provided by the statute defining and/or providing the punishment for the substantive offense – not the sentence, or even the maximum sentence, which might otherwise be imposed under the federal Sentencing Guidelines. <u>See</u> <u>United States v. Moss</u>, 887 F.2d 33, 336-37 (1st Cir. 1989).

   (a) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

   (b) the weight of the evidence against the accused;

   (c) the history and characteristics of the person, including --

    (i) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (ii) whether, at the time of the current offense or arrest, the defendant was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

   (d) the nature and seriousness of the danger to any other person or the community that would be posed by the person's release.

See 18 U.S.C. § 3142(g).

  D. Additionally, in making the determination, the judicial officer must consider two rebuttable presumptions, to wit:

  First, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person or the community if the judicial officer finds (1) that the defendant has been convicted of a federal crime of violence within the meaning of § 3156(a)(4) [or a state crime of violence within the meaning of § 3156(a)(4) if the offense would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed], a federal offense for which the maximum sentence is life imprisonment or death, a federal offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled

Substances Act -- <u>e.g.</u>, possession of cocaine, heroin, or more than 1000 pounds of marijuana, with intent to distribute, the Controlled Substances Import and Export Act, <u>or</u> any felony after the person has been convicted of two or more prior offenses as described immediately above, or two or more state or local offenses that would have been offenses described immediately above if circumstances giving rise to federal jurisdiction had existed; (2) that prior offense was committed while the person was on release pending trial; and (3) not more than five years has elapsed since the date of conviction for that prior offense, or his or her release for that prior offense, whichever is later.  <u>See</u> 18 U.S.C. § 3142(e).

<u>Second</u>, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act or the Controlled Substances Import and Export Act <u>or</u> an offense under the provisions of 18 U.S.C. § 924(c) – i.e., use of or carrying a firearm during the commission of a federal offense which is a felony.  <u>See</u> 18 U.S.C. § 3142(e).

Insofar as the latter "presumption" is applicable in assessing "risk of flight," the burden remains with the government to establish "that no condition or combination of conditions will reasonably assure the appearance of the person as required . . . ."  In striking the proper balance, this court must bear in mind Congress' findings that major drug offenders, as a class, pose a special danger of flight.  The burden then rests on

the defendant to come forward with "some evidence" indicating that these general findings are not applicable to him for whatever reason advanced. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991). This "only imposes a burden of production on a defendant. The burden of persuasion remains with the government." United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987) (per curiam); see also United States v. Perez-Franco, 839 F.2d 867, 869-70 (1st Cir. 1988). Even when a defendant produces "some evidence" in rebuttal, however, the presumption does not disappear. Rather, it retains some evidentiary weight, the amount of which will depend on how closely the defendant's case "resembles the congressional paradigm" and other relevant factors. Palmer-Contreras, 835 F.2d at 17-18; Dillon, 938 F.2d at 1416. See United States v. Jessup, 757 F.2d 378, 387 (1st Cir. 1985).

### III. DISCUSSION OF WHETHER DETENTION IS WARRANTED

"Detention determinations must be made individually and, in the final analysis, must be based on the evidence which is before the court regarding the particular defendant." U.S. v. Tortora, 922 F.2d 880, 888 (1st Cir. 1990), and cases cited. Based on the record before me, I find that there are no conditions which may be imposed which will reasonably insure the safety of the community or the defendant's presence at trial.

Since the defendant is charged with a violation of the Controlled Substances Act (21 U.S.C. § 801 et seq.) which carries a maximum sentence of ten years or more imprisonment, the rebuttable presumption that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as

required and the safety of the community applies. As an initial matter, this court finds that the defendant has not met his burden of production in response to the presumption. Even without the presumption, however, I find that the government has proven by clear and convincing evidence that there are no conditions or combination of conditions which will reasonably assure the safety of other persons and the community. I also find that the government has proven by a preponderance of the evidence that no condition or combination of conditions will reasonably assure that the defendant will appear.

### A.  The Offense Charged And Weight Of The Evidence

The defendant is charged with a serious drug offense. He faces a term of imprisonment up to life, with a mandatory minimum of 10 years imprisonment if convicted of the drug crimes charged. The evidence against him is strong.

The evidence before the court establishes that there was a drug investigation of co-defendant Luis LNU a/k/a Roberto Carlo Nieves Alicea ("Luis") arising out of information that he was a supplier of illegal drugs. On May 19, 2005 a confidential witness ("CW") made arrangement with Luis to purchase crack cocaine. A meeting was held between the CW and Luis, who was accompanied by the defendant Cardona-Leon (the "Defendant"). The Defendant provided some of the crack cocaine the CW had ordered, but told the CW that he had to cook the rest, so it would be available later. The CW later met with the Defendant who provided the rest of the drugs. The CW asked if they could cut out Luis, but the Defendant said that he was good friends with

Luis, and would not cut him out of future transactions. Some of this transaction is on videotape.

There is also evidence that on May 16, 2005 the CW made arrangements with Luis to purchase crack cocaine. The CW and Luis met, during which time Luis told the CW that he could supply false social security numbers and birth certificates. Also during this transaction, which involved driving around to a number of locations, Luis sold the CW a gun, as well as crack cocaine.

On August 4, 2005, the Defendant's home was searched pursuant to a search warrant. At that time, an arrest warrant had been issued as well. The police knocked and identified themselves, and heard movement in the apartment, but the door was not opened. The police forced the front door open. When the police entered they saw a back door swinging closed. The Defendant was found just outside the back entrance, sitting on a chair with a baseball hat covering his face. It appeared to the officers that the Defendant had fled the apartment and was trying to hide. He was placed into custody. During the search approximately 300 grams of what appeared to be cocaine and approximately 20 grams of what appeared to be crack cocaine, as well as marijuana, were found. In addition, there were chemicals used to cut cocaine, a grinder, a scale and boxes of sandwich bags consistent with the bags used to package crack. Approximately $1,500 in cash was also found.

After his arrest and after having been given his Miranda warnings, the Defendant stated that he was from the Dominican Republic. It appears, however, that he is from Puerto Rico.

### B. History And Characteristics Of The Defendant

The defendant was born on November 25, 1977 in Puerto Rico. He relocated to Massachusetts from Puerto Rico in 2000. According to defense counsel, the defendant is a functional illiterate who has had very little education. He informed Pre-trial Services that he has been living with his girlfriend and her three children at various locations in Lowell and Lawrence. His drivers license reflects an address in Methuen.

The defendant's parents and siblings live in Puerto Rico. The defendant has been unemployed for the last 8 months. Before then, he reports that he worked for a small construction company, but he does not know the name of his employer or of his boss. Although he reports that the work was seasonal, with most work being done in the summer months, he was apparently unemployed at the time of his arrest in August.

The defendant does not have a criminal record except for a 2003 charge in Lawrence District Court for operating with a suspended license, which was continued after court costs were paid.

Pre-trial Services' investigation located a drivers license issued in the State of Texas to an individual matching the Defendant's identifying information. However, the Defendant denies that the license was issued to him.

The Defendant requests that he be released to live in the home of his girlfriend's boss. There are three children living with the proposed custodian, ages 13, 9 and 17 months.

### C. Danger To The Community

The government has met its burden of proof, by clear and convincing evidence, that there are no conditions or combination of conditions of release which will reasonably assure the safety of other persons and the community.  There is substantial evidence that the Defendant was engaged in the sale of crack cocaine, and that he had access to a significant quantity of the drug.  Drugs and drug paraphernalia was found in his home.

The Defendant is unemployed, and does not appear to have the skills or resources to engage in a high-paying legal occupation.  Thus, it appears likely that the Defendant will engage in drug trafficking in order to support himself, his girlfriend and her three children.

The rebuttable presumption which applies in the case of drug charges was premised, in part, on Congress' conclusion "that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the 'safety of any other person or the community.'"  S. Rep. No. 225, 98th Cong., 1st Sess. 13 (1983).  Recognizing that the burden of persuasion remains with the government at all times, I find that the presumption of dangerousness has not been rebutted.

This court has considered, and appreciates, Ms. Hernandez's willingness to serve as a third-party custodian.  However, there is no evidence that Ms. Hernandez is able to exert any control over the Defendant.  Moreover, she has three children living with her, which causes this court concern given the amount of drugs found in the Defendant's home.

### D.  Risk Of Flight

I also find that the record evidence before this court warrants a conclusion that no condition or combination of conditions -- short of pretrial detention -- would reasonably assure the appearance of the defendant.  The prospect of a significant jail sentence provides a clear and unequivocal impetus to flee, and the defendant has easy access to cash.  There is some evidence that he has access to false identification documents through Luis.  The drivers license match in Texas is presently unexplained, and will not be considered by the court.  Nevertheless, in view of the fact that the Defendant does not have a long-term residence in Massachusetts, or a job, and his family is in Puerto Rico, this court finds that there is a high risk of flight.

## IV.  ORDER OF DETENTION

IT IS ACCORDINGLY ORDERED that the defendant remain DETAINED pending trial, and it is further Ordered --

(1)    That the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)    That the defendant be afforded a reasonable opportunity for private consultation with counsel; and

(3)    On order of a court of the United States or on request by an attorney for the government, the person in charge of the corrections facility in which the defendant is detained and confined deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge