



U.S. Department of Justice

**Michael J. Sullivan**
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

October 12, 2006

Jose Espinosa
11 Green Street
Jamaica Plain, MA 02130

    Re:  <u>United States v. Angel Cardona-Leon</u>
          Crim. Action No. 05-10200-MLW

Dear Attorney Espinosa:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Angel Cardona-Leon, ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.    <u>Change of Plea</u>

    At the earliest practicable date, Defendant shall plead guilty to Counts One, Three, and Four of the above-captioned Indictment, charging him with one count of conspiracy to distribute cocaine base, in violation of Title 21, United States Code, Section 846, and two counts of distribution of cocaine base, in violation of Title 21, United States Code, Section 841(a)(1). Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in Counts One, Three, and Four of the Indictment, and is in fact guilty of those offenses.

    2.    <u>Penalties</u>

    Defendant faces the following minimum mandatory and maximum penalties:

    <u>Count One</u>: a minimum mandatory term of imprisonment of ten years and a maximum term of imprisonment of life; a minimum term of supervised release of five years and a maximum term of supervised release of life; a maximum fine of $4,000,000; and a

mandatory special assessment of $100.

Counts Three and Four: on each count Defendant faces a minimum mandatory term of imprisonment of five years and a maximum term of imprisonment of forty years; a minimum term of supervised release of four years and a maximum term of supervised release of life; a maximum fine of $2,000,000; and a mandatory special assessment of $100.

Defendant may also be deportable and/or excludable by the United States Immigration and Customs Enforcement as a consequence of his conviction of the offenses to which he is pleading guilty.

3. Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum and mandatory minimum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by United States v. Booker and United States v. Fanfan, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties will take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines:

(a) The parties agree that the total quantity of cocaine base attributable to Defendant is between 50 and 150 grams and that, accordingly, Defendant's base offense level is 32, pursuant to U.S.S.G. § 2D1.1(c)(4).

(b) Safety-Valve Adjustment:

If the Court determines that Defendant does not have more than one criminal history point, as determined under the Sentencing Guidelines, the parties agree to take the position that Defendant meets the criteria set forth in U.S.S.G. § 5C1.2(a)(2-4).

Additionally, if the U.S. Attorney finds that Defendant has personally satisfied § 5C1.2(5), the

2

>U.S. Attorney and Defendant will take the position that the Court has the authority to depart below the applicable guideline as well as below any statutorily mandated minimum sentence and should apply § 5C1.2 of the Sentencing Guidelines and 18 U.S.C. § 3553(f) and impose a sentence without regard to the statutory minimum-mandatory sentences that are otherwise applicable in this case.  In that event, the parties also will take the position that, pursuant to § 2D1.1(b)(7) of the Sentencing Guidelines, Defendant's offense level should be reduced by two levels.
>
>The Defendant recognizes and acknowledges that, if the Court declines to apply § 5C1.2 of the Sentencing Guidelines and 18 U.S.C. § 3553(f), the Defendant will not receive an additional two level reduction pursuant to § 2D1.1(b)(7) of the Sentencing Guidelines and he will receive a sentence at or above the statutory minimum mandatory term of ten years.

Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three (3) levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

(a)  Fails to admit a complete factual basis for the plea;

(b)  Fails to truthfully admit his conduct in the offenses of conviction;

(c)  Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d)  Fails to provide truthful information about his financial status;

(e)  Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for

          which Defendant is accountable under U.S.S.G. § 1B1.3;

(f)     Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g)     Intentionally fails to appear in Court or violates any condition of release;

(h)     Commits a crime;

(i)     Transfers any asset protected under any provision of this Agreement; and/or

(j)     Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after the date of this Agreement.

4.    Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the District Court:

(a)     A term of imprisonment within the applicable Guideline Sentencing Range as determined by the Court at the time of sentencing, but not below any applicable minimum mandatory term of imprisonment;

(b)     A fine within the applicable guideline fine range, unless the Court finds pursuant to U.S.S.G. §5E1.2(e) that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c)     Supervised release for a period of five years; and

(d)     A mandatory special assessment of $100.

The parties agree that they will provide to the opposing party expert reports, motions, memoranda of law and documentation

4

of any kind on which they intend to rely at sentencing not later than ten days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the opposing party at least ten days before sentencing shall be deemed waived.

5.   Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.   Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

7.   Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

8.   Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

9.   Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to

5

comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing.  The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement.  Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement.  Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea.  Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation.  In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

    10.   Who Is Bound By Agreement

    This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

11. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney William H. Connolly.

        Very truly yours,

        MICHAEL J. SULLIVAN
        United States Attorney

By: _____
        LAURA J. KAPLAN
        Chief, Organized and Violent Crime Section

        WILLIAM H. CONNOLLY
        Assistant U.S. Attorney

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have had this letter read to me in my native language in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

*[signature]*
Angel Cardona-Leon
Defendant
Date:

I certify that Angel Cardona-Leon has had this Agreement read to him in his native language and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

*[signature]*
Jose Espinosa, Esq.
Attorney for Defendant
Date:

8