UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2007 JAN 29  P 1: 13

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>        Plaintiff            )<br>v.                          )<br>                            )<br>ANGEL CARDONA LEON )<br>        Defendant          )<br>                            ) | Docket No. 05-CR-10200-MLW<br><br>Defendant No. 2 |

## DEFENDANT ANGEL CARDONA-LEON'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE

### INTRODUCTION

Through counsel, Defendant Angel Cardona-Leon files the following Sentencing Memorandum setting forth all factors that the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

The background of this case has been summarized in the U.S. Probation Department's Pre-sentence Report prepared January 8, 2007. The Defendant timely objected to the Probation Department's Pre-sentence Report on January 19, 2007. Revisions based upon the Defendant's objections have not yet been received.

The Defendant should be granted downward departures for acceptance of responsibility, his lack of criminal record, and the minor role that he played in the drug conspiracy. It is also appropriate in this case to depart below the guidelines when taking into account various background characteristics of the Defendant, including the fact that he is an exceptional and loving father to his girlfriend's

three children despite the fact that none are his biological children.

## ARGUMENT

I. THE DEFENDANT SHOULD BE GRANTED A 3 LEVEL DOWNWARD DEPARTURE PURSUANT TO THE PLEA AGREEMENT REACHED WITH THE U.S. DISTRICT ATTORNEY.

On or about October 12, 2006, the Defendant signed a plea agreement whereby the parties' agreed to Defendant's guilty plea to 50-150 grams of cocaine; that Defendant promptly accepted his personal responsibility, and therefore, the base level should be decreased by 3 points pursuant to U.S.S.G. § 3E1.1; and that the base level should be reduced by a further 2 points pursuant to § 2D1.1(b)(7) as the Defendant has no prior convictions.

Based upon Defendant's acceptance of responsibility for the above-indicated amount of drugs and no prior criminal record, if the Court determines that the Defendant should be sentenced according to and within the guidelines, the appropriate sentencing range would be 70 to 87 months. The Defendant respectfully acknowledges whatever sentence he receives is within the discretion of the sentencing court, subject to the statutory maximum and minimum penalties, the provisions of the Sentencing Reform Act, and the U.S. Sentencing Guidelines, as modified by United States v. Fanfan, and United States v. Booker, 543 U.S. 220 (2005).

II. THE DEFENDANT SHOULD BE GRANTED A DOWNWARD DEPARTURE BASED UPON HIS STATUS AS A DEPORTABLE ALIEN.

The Defendant should be granted a two level downward departure based on his status as a deportable alien. Mr. Cardona-Leon has plead guilty to a charge that will result in a significant sentence and at the completion of that sentence he will be deported. Due to this status, the Defendant will serve his sentence "under

circumstances that are more severe than those facing a United States citizen under similar circumstances," U.S. v. Restrepo, 999 F. 2d 640 at 642 (2nd Cir 1993). A deportable alien is rendered ineligible to serve his sentence in a minimal security facility and to serve a part of the last 10% of his sentence in a community custody program such as a halfway house or home confinement. See Restrepo at 643. Because the Immigration and Naturalization Service has also filed an Immigration Detainer, at the end of Defendant's confinement with the Bureau of Prisons he will be turned over to Immigration which will likely hold him for up to six additional months before he is deported. In U.S. v. Smith, 127 F.3d 649 (D.C. Cir. 1994) the court held that" a downward departure may be appropriate where the defendant's status as a deportable alien *is likely to cause an increase in the severity of his sentence.*

### III. THE DEFENDANT SHOULD BE GRANTED A 2 LEVEL DOWNWARD DEPARTURE BASED UPON HIS ELIGIBILITY FOR THE SAFETY VALVE PROVISION OF 18 U.S.C.A. § 3553

Federal law provides that:

> the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, that—
>
> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (3) the offense did not result in death or serious bodily injury to any person;
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C.A. § 3553.

The Defendant fulfills all of the requirements of the safety valve provision. He has no previous criminal record. He has never possessed a firearm, or engaged in any acts of violence or threatened any act of violence. The criminal activities that he engaged in did not result in any bodily injury or death to anyone. He was not an organizer, leader, manager, or supervisor of others and was not engaged in a continuing criminal enterprise. In addition he had cooperated with the government to the fullest extent possible and truthfully relayed all information in his possession with regards to his involvement and the involvement of others that he was aware of. For these reason the Court should depart below the mandatory minimum sentence in the matter.

IV. THE DEFENDANT SHOULD BE GRANTED A 2 LEVEL DOWNWARD DEPARTURE BASED UPON HIS MINOR ROLE IN THE CRIMINAL ACTIVITY IN THE INSTANT CASE.

The Defendant came to the attention of the investigating officers when they went to a controlled drug buy involving one of the targets of their investigation. The Defendant appeared with one of the targets, and told the undercover officer that he was still "cooking" the cocaine. It was clear from that interaction that the Defendant was not a main figure in the drug selling activity, but he was assisting in the distribution in a limited capacity on that date. In fact, that one occasion was the only time he was observed by the officers to be involved in the drug activity.

In the presentencing probation interview, the Defendant spoke candidly of his addiction to drugs and his participation in the criminal activities which were a direct result of his addiction. The 2 level reduction is available to minor participants meaning "any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S. Sentencing Guidelines Manual § 3B1.2, Application Note 3. The Defendant is not only less culpable that most of the other participants because of his actual role in the conspiracy, but also because he only engaged in said activities because of his drug addiction.

V.  SENTENCING UNDER BOOKER

On January 12, 2005, the Supreme Court ruled that its Sixth Amendment holding in Blakely v. Washington, 124 S. Ct. 2531 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000) applies to the Federal Sentencing Guidelines. United States v. Booker, 125 S. Ct. 738, 756 (2005). Given the mandatory nature of the Sentencing Guidelines, the Court found no relevant distinction between the sentence imposed pursuant to the Washington statutes in Blakely and the sentences imposed pursuant to the Federal Sentencing Guidelines in the cases before the Court. Id. at 751. Accordingly, reaffirming its holding in Apprendi, the Court concluded that

> [a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

Id. at 756.

Based on this conclusion, the Court further found those provisions of the federal Sentencing Reform Act of 1984 that make the Guidelines mandatory, 18 U.S.C. §

3553(b)(1) or which rely upon the Guidelines' mandatory nature, 18 U.S.C. § 3742(e), incompatible with its Sixth Amendment holding. Booker, 125 S. Ct. at 756. Accordingly, the Court severed and excised those provisions, making the Guidelines effectively advisory. Id. at 757.

> Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by Booker, requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A. § 3553(a)(4) (Supp.2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a).

Booker, 125 S. Ct. at 757. Thus, under Booker, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a).

The primary directive in § 3553(a) is for sentencing courts to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2. Section 3553(a)(2) states that such purposes are:

> (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B)  to afford adequate deterrence to criminal conduct;
> (C)  to protect the public from further crimes of the defendant; and
> (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, § 3553(a) further directs sentencing courts to consider the following factors:

> 1) the nature and circumstances of the offense and the history and characteristics of the defendant (§ 3553(a)(1);
> 2) the kinds of sentences available (§ 3553(a)(3);
> 3) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct (§ 3553(a)(6); and
> 4) the need to provide restitution to any victims of the offense. (§ 3553(a)(7).

Other statutory sections also give the district court direction in sentencing. Under 18 U.S.C. § 3582, imposition of a term of imprisonment is subject to the following

limitation: in determining whether and to what extent imprisonment is appropriate based on the § 3553(a) factors, the judge is required to recognize that imprisonment is *not* an appropriate means of promoting correction and rehabilitation. Under 18 U.S.C. § 3661, *no limitation* shall be placed on the information concerning the background, character, and conduct of the defendant which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence. This statutory language certainly overrides the (now-advisory) policy statements in Part H of the sentencing guidelines, which list as not ordinarily relevant to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth. *See* U.S.S.G. § 5H1. See also United States v. Nellum, 2005 WL 300073, 2005 U.S. Dist. LEXIS 1568 (N.D. Ind. Feb. 3, 2005) (Simon, J.) (taking into account fact that defendant, who was 57 at sentencing, would upon his release from prison have a very low likelihood of recidivism since recidivism reduces with age; citing Report of the U.S. Sentencing Commission, Measuring Recidivism: the Criminal History Computation of the Federal Sentencing Guidelines, May 2004); United States v. Naylor, _ F. Supp. 2d _, 2005 WL 525409, 2005 U.S. Dist. LEXIS 3418 (W.D. Va. Mar. 7, 2005) (Jones, J.) (concluding that sentence below career offender guideline range was reasonable in part because of defendant's youth when he committed his predicate offenses he was 17 and noting that in Roper v. Simmons, 125 S. Ct. 1183, 1194-96 (2005), the Supreme Court found significant differences in moral responsibility for crime between adults and juveniles).

The directives of Booker and § 3553(a) make clear that courts may no longer uncritically apply the guidelines. Such an approach would be inconsistent with the

holdings of the merits majority in Booker, rejecting mandatory guideline sentences based on judicial fact-finding, and the remedial majority in Booker, directing courts to consider all of the § 3353(a) factors, many of which the guidelines either reject or ignore. United States v. Ranum, 353 F. Supp. 2d 984, 985-86 (E.D. Wisc. Jan. 19, 2005) (Adelman, J.). As another district court judge has correctly observed, any approach which automatically gives heavy weight to the guideline range comes perilously close to the mandatory regime found to be constitutionally infirm in Booker. United States v. Jaber, __ F. Supp. 2d __, 2005 WL 605787 (D. Mass. March 16, 2005) (Gertner, J.). See also United States v. Ameline, 400 F.3d 646, 655-56 (9th Cir. Feb. 9, 2005) (advisory guideline range is only one of many factors that a sentencing judge must consider in determining an appropriate individualized sentence), reh'g en banc granted, 401 F.3d 1007 (9th Cir. 2005).

    Justice Scalia explains the point well in his dissent from Booker's remedial holding:

> Thus, logic compels the conclusion that the sentencing judge, after considering the recited factors (including the guidelines), has full discretion, as full as what he possessed before the Act was passed, to sentence anywhere within the statutory range. If the majority thought otherwise if it thought the Guidelines not only had to be 'considered (as the amputated statute requires) but had generally to be followed its opinion would surely say so.

Booker, 125 S. Ct. at 791 (Scalia, J., dissenting in part). Likewise, if the remedial majority thought the guidelines had to be given heavy weight, its opinion would have said so. The remedial majority clearly understood that giving any special weight to the guideline range relative to the other § 3553(a) factors would violate the Sixth Amendment.

In sum, in every case, a sentencing court must now consider <u>all</u> of the § 3553(a) factors, not just the guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing. And where the guidelines conflict with other sentencing factors set forth in § 3553(a), these statutory sentencing factors should generally trump the guidelines. See United States v. Denardi, 892 F.2d 269, 276-77 (3d Cir. 1989) (Becker, J, concurring in part, dissenting in part) (arguing that since § 3553(a) requires sentence be no greater than necessary to meet four purposes of sentencing, imposition of sentence greater than necessary to meet those purposes violates statute and is reversible, even if within guideline range).

## **CONCLUSION**

In light of the terms of the plea agreement reached by the parties, lack of prior convictions, and the various characteristics of the Defendant, the Defendant respectfully requests that this Honorable Court depart below the guidelines in determining the appropriate sentence.

Respectfully Submitted,
Angel Cardona-Leon
By His Attorney,

/s/ Jose A. Espinosa

José A. Espinosa
11 Green Street
Jamaica Plain, MA 02130
BBO #: 156220
(617) 522-4849

CERTIFICATE OF SERVICE

    I, Jose A. Espinosa, Attorney for the defendant, hereby certify that I served a copy of the attached **DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE** upon William H. Connolly, Assistant United States Attorney for the District of Massachusetts, by hand delivery to United States Attorney's Office, John Joseph Moakley Federal Courthouse, 1 Courthouse Way, Suite 9200, Boston, MA 02210.

Signed under the pains and penalties of perjury this 29th day of January, 2007.

                                              Sincerely,

                                              Jose A. Espinosa, Esq.
                                              1 Green Street
                                              Jamaica Plain, MA 02130
                                              BBO #: 156220
                                              (617) 522-4849