IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| Plaintiff, | ) |
| vs. | ) CASE No: 1:05-CR-10200-02-MLW |
| ANGEL CARDONA-LEON | ) |
| Petitioner, | ) |

MOTION PURSUANT TO TITLE 18 U.S.C. § 3582 (c)(2) FOR MODIFICATION OF SENTENCE PURSUANT TO AMENDMENT 706 AS AMENDED BY 711 OF U.S.S.G. MADE RETROACTIVE BY THE SENTENCING COMMISSION EFFECTIVE MARCH 3, 2008

COMES NOW, ANGEL CARDONA-LEON hereinater (Cardona), Pro-Se, and submits his petition pursuant to Title 18 U.S.C. § 3582 (c)(2) for modification of his sentence pursuant to Amendment 706 of the United States Sentencing Guidelines promulgated by the Sentencing Commission on November 1, 2007 and made retroactive effective March 3, 2008.

STATEMENT OF THE CASE

On February 12, 2007, after a plea of guilty, Cardona was sentenced by the district court of Massachusetts to 70 months of incarceration. Cardona's current projected release date is presently scheduled for September 2, 2010 via good-conduct time per year of 54 days. Cardona's base offense level was set at 32 for 50 grams to 150 grams of crack cocaine. Cardona's Presentence Investigation Report recommended that the court grant

a three (3) level downward departure for acceptance of responsibility which was granted. The PSR further recommended a two (2) level reduction for application of the Safety Valve which the government did not oppose and granted by the court consequently, Cardona's final adjusted offense level was reduced to 27 with an offense category of I yielding a guideline range of 70-87 months of incarceration. The district court, in its discretion, sentenced Cardona to 70 months, the bottom of the guidelines range and which sentence the government did not oppose.

## TITLE 18 U.S.C. § 3582 (c)(2)

Section 3582 (c)(2), of Title 18, United States Code provides "In the case of a defendant who has been sentenced to a term of imprisonment based on a sentence range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. Section 994 (u), upon Motion of the defendant, or the Director of BOP or, on its own motion, the court may reduce the term of imprisonment after...

This policy statement provides guidance to the court when considering a motion under 18 U.S.C. § 3582 (c)(2) and implements 28 U.S.C. § 994 (u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense, or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced". An amendment to the guidelines, as here, can be the basis for reconsideration of Cardona's sentence under § 3582 (c)(2).

U.S.S.G. § 1B1.10

<u>Section 1B1.10</u> Reduction of term of imprisonment as a result of Amended guideline range.

a) Where a defendant is serving a term of imprisonment and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the guidelines manual listed in subsection (c), a reduction in the defendant's terms of imprisonment is authorized under 18 U.S.C. § 3582 (c)(2).

d) In determining whether, and to what extent a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under § 3582 (c)(2), the court should consider the term of imprisonment that it would have imposed had the amendments to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced; except that in no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served. <u>United States vs. Legree</u>, 205 F.3d 724 (CA4 2000); <u>United States vs. Vautier</u>, 144 F.3d 756 (CA11 1998).

It must be noted that Cardona must submit his petition for retroactive modificationin the district court and not in the court of appeals. Furthermore, the courts have held that the <u>Booker</u> decision, making the guidelines advisory, had no effect on § 3582 (c)(2). <u>United States vs. Moreno</u>, 421 F.3d 1217 (CA11 2005). The Commission's power to amend the guidelines retroactively under Section 1B1.10 was recognized by the Supreme

3

Court in Braxton vs. United States, 500 U.S. 344 (1991). Congress has granted the Commission the unusual explicit power to decide whether an to what extent its amendments reducing sentences will be given retroactive effect.

Of importance, Cardona is aware that this Honorable Court has discretion to decide not to apply a retroactive amendment even when the Commission has made the amendment retroactive. United States vs. Eggersdorf, 126 F.3d 1318 (CA11 1997). Therefore, Cardona understands that the district court has complete discretion to ultimately determine whether or not to adjust his sentence in light to Amendments /706. But, on the other hand, appellate courts have sometimes directed the district court to resentence under the retroactive guideline. Consequently, appellate courts have reversed a district court's refusal to apply a retroactive amendment where the refusal was based on improper reasons. It should be borne in mind that this sections does not allow reduction below a statutory minimum sentence. In the case at bar, Cardona was sentence below the statutory minimum of 120 months to 70 months for an adjusted level of 27 due to application of the "Safety Valve" and at the bottom of the guideline range of 70-87 moths of incarceration.

Cardona has also met his burden of showing that U.S.S.G. Amendments /706 apply to him as on December 11, 2007, the Commission declared their retroactivity effective March 3, 2008. Consequently, the burden now shifts to the government. Furthermore, pursuant to Rule 43 (c)(4), Cardona is not required to be present when the proceeding involves a reduction or a correction of his sentence under Section 3582 (c)(2).

Notwithstanding, Title 18 U.S.C. Section 3553 (a) describes specifically the factors to be considered in imposing a sentence, and the district court must consider the same factors as they do at the initial sentencing. United States vs. Clark, 110 F.3d 15 (CA6 1997). In Cardona's situation, the factors include the applicable sentencing range as well as the nature and circumtances of the offense and Cardona's history and characteristics, 18 U.S.C. § 3553 (a)(1), and the need for the sentence imposed. The court's consideration of the factors in Cardona's case is consistent with his prior sentencing by this court at the bottom of the guideline range, the reduction for acceptance of responsability and application of the "Safety Valve" granted by the court at the initial sentencing. Therefore, § 3553 (a) authorizes the court's consideration of the above and other items Cardona can bring to the court's attention. It should also be mentioned the fact that Cardona will not be disadvantaged by application of these amendments in regards to the "Ex Post Facts Clause".

U.S.S.G. Amendments /706 have the effect of reducing Cardona's adjusted offense level from 27 to 25 resulting in a guideline range 57 to 71 months. Therefore, since Cardona was originally sentenced at the bottom of the guideline range of 27, he prays this Honorable Court modify his sentence to level 25 yielding 57-71 months and therefore, sentence him to 57 months, the bottom of the guideline range. When the Sentencing Guidelines are amended and given retroactive effect, but the district court decides not to resentence, the court commits no reversible error as long as the record demonstrates that pertinent factors where taken into account. A sentencing adjustment undertaken pursuant to Section 3582 (c)(2) does not

constitute a De Novo resentencing. All the original sentencing factors and determinations remain the same and unchanged with the sole exception of the guideline range that has been amended since his iriginal sentencing. United Stastes vs. Bravo, 203 F.3d 778 (CA11 2000). For example, the courts have upheld the refusal to apply an amendment retroactively where the defendant has received a downward departure for substantial assistance under Section 5K1.1. United States vs. Shaw, 30 F.3d 26 (CA5 1994). But, this factor does not apply to Cardona.

The principles governing this motion to resentence based on newly emergent guideline amendments, such as /706, can be compactly catalogued. When the Comission amends the guidelines (or its interpretation of the guideline) in a manner that favors defendants, such as here, it may invite restrospective application of the new interpretation. Therefore, due to this event, Cardona believes that had Amendments /706 been inforce earlier, they would have reduced his GSR considerably.

The commission amended the drug quantity table in § 2D1.1 so that crack quantities triggering the five and ten-year mandatory minimums are assigned base offense levels two (2) levels lower than before. The base offense levels for these quantities now correspond to guideline ranges that include (rather than exxceed) the mandatory minimum. The commission similarly adjusted the drug threshold quantities above, between and below the mandatory minimum thresholds with the net result being that for crack offenses, base offense levels across the board are two (2) levels lower than they would have been before the Amendments. See: 72 Fed. Reg. 28, 558, 28, 571-73; U.S.S.G. App. C, Supp. Amendment 706; U.S.S.G. 2D1.1 (2007).

6

Furthermore, regardless of the outcome of Cardona's petition, and for the court to appropriately exercise its discretion, the record must show and give some indication that the court took into its discretionary decision the considerations required by the guidelines.

Reduced to its essence, Cardona's motion to modify his sentence under Section 3582 (c)(2) occasioned by the retroactive amendments listed above and which alters cardona's previous guideline range, requires this Honorable Court to make two distinct determinations. First, by substituting only the amended sentencing range for the originally determined sentencing range, and levaing all other previous factual decisions concerning particularized sentencing factors (e.g., role in the offense, obstruction of justice, victim adjustment, more than minimal planning, acceptance of responsibility and quantity of drugs) intact. Then, the court must determine what sentence it would have imposed had the new sentencing range been the range at the time of the original sentencing.

Second, having made the first determination, the court must consider that determination together with the general sentencing considerations contained in Section 3553 (a) as the court's power to reduce is tethered to those factors contained in that section.

And, in the exercise of its thus informed discretion, decide whether or not to modify Cardona's original sentence previously imposed.

Consequently, the court of appeals will only interfere if the record

reveals a palpable abuse of discretion. Therefore, it is plain thast under this paradigm, Cardona's resentencing battle will be won or lost in the district court and not in an appellate venue as since the language is precatory rather than mandatory, the court need not even consider the policy statements supporting the amendments if after considering all factors in Sect. 3553 (a), the court pefere to stand by the existing sentence.

In sum and substance, Cardona urges this Honorable district court to consider his original sentence lower his sentence two (2) levels and in its discretion resentence him at the lower end of adjusted offense level 25 to 57 months in light of Amendments 706. Notwithstanding, Cardona requests the court consider the following facts:

1. It is undisputed this is Cardona's first offense.
2. It is undisputed that Cardona's offense did not involve any substantial amount.
3. It is undisputed that Cardona sincerely accepted responsibility for this actions.
4. It is undisputed that Cardona was granted a two (2) level downward departure under the Safety Valve.
5. It is undisputed that Cardona did not receive any upward departure for his role in the offense.
6. It is undisputed that Cardona's involvement in the offense was significant.
7. It is undisputed that Cardona did not receive an upward adjustment for obstruction of justice.
8. It is undisputed that Cardona did not receive any victim-related

adjustment.

9. It is undisputed that upon completion of his sentence, Cardona will be deported by BICE to the Dominican Republic and therefore, no opportunity for him to recidivate.

10. It is undisputed that Cardona would not pose a danger to public safety due to his non-violent character and to his inevitable deportation once he has complied with his sentence.

11. It is undisputed that the recent amendments were intended as a step toward reduceing some of the unwarranted disparity currently existing between crack and powder cocaine.

12. It is undisputed that Cardona has maintained clear conduct throughout his incarceration.

In sum, Cardona understand and acknowledge that the government is permitted to make its recommendations and present its arguments to the court but, in the end, the resolution of Cardona's petition and final sentence will be determined solely by this court regarding the potential application of U.S.S.G. Amendments '706.

Cardona also wishes to make known to the court that throughout his incarceration he has assumed the fundamental civic duty of bettering himself.

The Sentencing Commission, even though it reduced the crack guidelines two (2) levels, continues to urge Congress to change the "100 to 1" quantity ratio between crack and powder cocaine and presented its recommendations in a Report on May 15, 2007.

9

U.S.S.G. Amendments /706 are intended to apply retroactively and to have the remedial effect of reducing Cardona's sentence imposed under an earlier punitive sentencing formula. United States vs. Blake, 88 F.3d 824 (CA9 1996).

Very different from guideline factors, the § 3553 (a) factors include a defendant's history and characteristics, rehabilitation, disadvantaged upbringing, substance addition, age, family responsabilities and many other personal factors. The new sentence should include factors never before considered by the court in the first sentencing hearing.

Case law states that the holding of Booker must be applied to a defendant who receives a new sentence through § 3582 motion. In United States vs. Hicks, 472 F.3d 1167 (CA9 2007), the Circuit Court held that, because Booker means that mandatory guideline sentences can no longer exist in any context, the Booker ruling and the advisory guideline practice must apply to any new sentencing that results from a § 3582 motion. Hicks at 1171-7.

Furthermore, a downward departure based on a deportable alien's severity of confinement is lawful and authorized by statute, guideline and case law. See: United States vs. Farouil, 124 F.3d 838 (CA7 1997) (remanded after Koon, "we have reason to believe that the guidelines have accounted for a defendant's status as a deportable alien"); See: also, United States vs. Guzman, 236 F.3d 830 (CA7 2001) (same) (collecting cases). The Third Circuit in United States vs. Sally, 116 F.3d 76 (CA3 1997) has recognized that sentencing determination must entail not only a rigid application of the various provisions of the guidelines to the offender's conduct, but also, where downward departure are requested a "case by case" determination

10

of an appropriate sentence.

In the present case, Cardona will serve a term of imprisonment that is, at least two (2), and probably as much as four (4) months longer than he would if he was not a deportable alien. This is because he will be transferred to BICE custody on the exact day he completes his sentence for eventual deportation to the Dominican Republic. The average period of extra imprisonment by, at the time INS, pending deportation fifteen year ago to be two (2) months. See: United States vs. Restrepo, 802 F. Supp. 781 (E.D.N.Y. 1992) citing a General Accounting Office Report. It is at least three (3) to more than four (4) months at the present time. In addition to the lenghier imprisonment period explained above, Cardona, as a deportable alien, will not be eligible to be released to a halfway house prior to the completion of his sentence.

Whereas, all no aliens may be released into society six (6) months earlier than their scheduled release date in order to become acclimated to freedom. Deportable aliens remain in prison during the same period and indeed, they remain in prison awaiting further imprisonment by BICE.

Therefore, by virtue of his deportation status alone, Cardona will be imprisoned approximately ten (10) months longer than a similarly situated non-alien. And if that were not enough, it must be remembered that deportable aliens, such as Cardona, are not eligible to serve their sentences at a minimum security facility (camp), nor are they eligible for a one (1) year reduction for participation in the drug program (DAP). Given these circumstances, it must be asked: What would be more fortuitous increase in the punishment warranting departure than the circumstances of this case?

## CONCLUSION

WHEREFORE, based on the foregoing facts and arguments hereinbefore presented, Cardona Pro-Se, prays this Honorable Court grant the relief requested by modifying his sentence under Section 3582 (c)(2) based on U.S.S.G. Amendments /706 made retroactive effective March 8, 2008 as he is entitled to some leniency simply because he has met all requirements in Section 3553 (a).

Respectfully Submitted,

On this 28 day of February, 2008

By: _____
Angel Cardona-Leon
Pro-Se
Reg. No: 25737-038
McRae Correctional Facility
P.O. Drawer # 30
Mc Rae, GA 31055

CERTIFICATE OF SERVICE

I, HEREBY CERTIFY, that a true and correct copy of the foregoing Motion pursuant to Title 18 U.S.C. § 3582 (c)(2) first class mail. Certification No: 7007-1490-0001-9418-8596 and return receipt at CCA McRae Correctional Facility on _February 28_, 2008 to:

U.S. Attorney's Office
J.J. Moakley U.S. Courthouse
1 Courthouse Way Suite 2500
Boston, Mass 02210

By: _____
Angel Cardona Leon
Reg. No: 25737-038
McRae Correctional Facility
P.O. Drawer # 30
McRae, GA 31055